# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RHONDA DAVIS | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| MCHAEL J. ASTRUE | : | No. 11-3076 |

Norma L. Shapiro, J.                                                                                 December 17, 2012

## MEMORANDUM

Plaintiff Rhonda Juanita Davis filed a motion for summary judgment, seeking judicial review of the final decision of the Commissioner of Social Security denying her claims for Supplemental Security Income ("SSI"). *See* 42 U.S.C. § 401, *et seq*. Plaintiff argues the Administrative Law Judge ("ALJ") failed to address an allegedly probative piece of evidence. The evidence was submitted after the evidentiary hearing, but before the ALJ issued a decision. Plaintiff also argues the ALJ failed to develop the record adequately and did not issue an opinion sufficient to facilitate judicial review. Magistrate Judge Linda K. Caracappa had recommended plaintiff's motion for summary judgment should be denied. Plaintiff filed numerous objections to Magistrate Judge Caracappa's Report and Recommendation ("R&R"). Magistrate Judge Caracappa's R&R will be approved.

### I.     Factual and Procedural History

Plaintiff is a 51 year old woman, born on October 15, 1960.[1] She has a high school education and has worked as a sales clerk and hotel housekeeper. She has two teenage children who live with her.

---

[1] Plaintiff was 49 at the time of the Commissioner of Social Security's final decision.

a. Medical Treatment and Evaluations

Plaintiff saw doctors at the Temple Medical Group from November 2005 through July 2010 for various conditions. From 2005 through 2007, plaintiff received occasional treatment, predominately for drug and alcohol abuse problems. For five months in 2008, plaintiff, complaining of pain, numbness, and tingling in her legs, went to Temple Medical Group nearly monthly. She was diagnosed and treated with medication for peripheral neuropathy and hepatitis C. In December 2008, plaintiff requested that her doctor sign a disability form; he refused.

Later that month, a pelvic ultrasound revealed a fibroid in plaintiff's lower uterine segment; the fibroid was removed by total abdominal hysterectomy. Plaintiff, complaining of abdominal pain, returned to Temple University Hospital after the hysterectomy. She was admitted and radiology tests revealed post-surgical adhesions causing bowel obstruction. A CT scan revealed an otherwise unremarkable abdomen, except for a soft mass on the right adrenal gland and a decompressed colon and terminal ileum. Plaintiff was discharged after several days with instructions to continue taking morphine, chloraseptic spray, Zofran, and pantroprazole.

In early 2009, plaintiff saw doctors in the Temple University gastroenterology unit several times. One doctor noted plaintiff sought hepatitis C treatment; he instructed plaintiff she must stop drinking prior to beginning treatment.[2] In May 2009, plaintiff went to Temple Rheumatology Associates complaining of a sharp pain in her legs and burning in her feet. Tests revealed no outward signs of sensitivity.

In June 2009, Dr. Barry Marks, a state agency consultant, examined plaintiff. He concurred with the diagnoses of peripheral neuropathy (secondary to alcohol) and hepatitis C. In July 2009, Theresa A. Pfleckl, also a state agency consultant, completed a Physical Residual

---

[2] It is unclear when plaintiff stopped taking the medication initially prescribed, but the record shows her use of medication was inconsistent.

Functional Capacity Assessment of plaintiff. She noted the diagnoses of peripheral neuropathy and hepatitis C.

Later in July 2009, plaintiff had a colonoscopy at Temple University. A small polyp was found and removed; the test also showed small, internal hemorrhoids. There were no other abnormalities. In January 2010, plaintiff had an x-ray of both feet, which showed two healing stress fractures and improper alignment. In February 2010, plaintiff had a limited abdominal ultrasound at Temple; the findings were unremarkable.

    b.  <u>Application for Supplemental Security Income</u>

On November 19, 2008, plaintiff filed an application for SSI. She alleged an onset date of March 31, 2008 of both peripheral neuropathy and hepatitis C. Her application was denied at the state level on July 10, 2009. Plaintiff then requested a hearing before an ALJ. The hearing was held before ALJ Paul R. Sacks on June 1, 2010. Plaintiff had a non-attorney representative from Community Legal Services. Plaintiff and a vocational expert testified.

In addition to the hearing testimony, the record includes reports from plaintiff's treating physicians. On July 6, 2010, after the ALJ hearing and about two weeks prior to the ALJ's decision, plaintiff provided a brief letter from Dr. Letitia Price. The letter, dated July 1, 2010, stated plaintiff has "multiple comorbidities," limiting her ability to stand, and she also suffers from "depression with repeated episodes of decompensation," making social interaction difficult. Dr. Price stated she performed a "clinical assessment." No clinical report or treatment notes accompanied this letter.[3]

In a decision dated July 22, 2010, the ALJ determined plaintiff suffers from severe impairments of hepatitis C with bridging fibrosis and peripheral neuropathy (secondary to alcohol). He found that, despite these impairments, plaintiff has the residual functional capacity

---

[3] See page 11 of the R&R for a reproduction of the letter.

to perform light work. Based on this finding and testimony of the vocational expert, the ALJ found plaintiff could be a cashier, office helper, or inspector. The ALJ concluded plaintiff was not disabled.

The Appeals Council denied plaintiff's petition for review on March 11, 2011. Plaintiff appealed that decision to the court under 42 U.S.C. § 405(g).

**II.     Legal Standard**

The court reviews *de novo* all portions of the R&R to which specific objections have been filed. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court reviews portions to which the plaintiff does not object with the standard the court deems appropriate. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The court must uphold the ALJ's decision if it is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1979) (internal quotation marks and citation omitted), *cert. denied* 402 U.S. 976 (1979).

The administrative decision "should be accompanied by a clear and satisfactory [explication] of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). All material evidence should be explicitly evaluated and weighed. *Id.* at 706 n.8. The reviewing court needs enough information to determine if significant evidence was not credited or was simply ignored. *Id.* at 705.

### III. Discussion

The R&R finds: (1) substantial evidence supports the ALJ's decision; (2) the ALJ resolved any conflicts in the evidence; (3) the ALJ properly determined credibility and relative weight of the evidence; (4) the ALJ's opinion allows for meaningful judicial review; and (5) substantial evidence supports the ALJ's findings as to plaintiff's residual functional capacity.

a. <u>Objection One: ALJ's Failure to Evaluate Dr. Letitia Price's July 1 Letter</u>

Plaintiff claims the ALJ failed to assign specific weight to Dr. Price's July 1, 2010 letter.[4] Plaintiff alternatively claims the ALJ did not receive the letter prior to issuing the decision, so plaintiff is entitled to a "Sentence Six" remand under section 405(g).[5] 42 U.S.C.A. § 405(g). Nothing in the record reveals whether the ALJ failed to address the letter because he never saw it or because he chose not to give the letter any weight. The court reviews the letter under both possibilities: as new evidence and as evidence improperly not addressed in the ALJ's opinion. Under either evaluation, the letter from Dr. Price fails to warrant remand of plaintiff's case for further hearings.

---

[4] Plaintiff electronically submitted the letter on July 6, 2010. Obj. at 7.
[5] Sentence Six reads:
> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

### i. Evaluation Under the New Evidence Standard

The Third Circuit utilizes a four-part test to determine if new evidence necessitates remand. Remand is appropriate if:

(1) The evidence is "new" and not merely cumulative of what is already in the record;
(2) The evidence is "material," i.e. relative and probative, and there is a reasonable probability that the new evidence would have changed the outcome of the Secretary's determination;
(3) The evidence does not concern a later-acquired disability or a subsequent deterioration of the previously non-disabling condition; and
(4) There is "good cause" for not having included the new evidence in the record.

*See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001); *Szuback v. Sec'y of Health and Human Serv.*, 745 F.2d 831, 833 (3d Cir. 1984). The court agrees that Dr. Price's letter is not "material" evidence.

A treating physician's opinion is generally afforded great weight. 20 C.F.R. § 404.1527(d)(2); *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993). Such an opinion carries even more weight if it is the result of continuing observations of the patient over time or supported by objective medical evidence. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000); *Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984). If there is contrary medical evidence or a lack of supporting medical evidence, the physician's opinion is afforded less weight. *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988); *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985).

Plaintiff argues Dr. Price's letter is a clinical diagnosis of depression and need to stay off her feet and the ALJ should have considered the depression diagnosis. Dr. Price's letter is the only diagnosis of depression of record. One physician noted temporary anxiety regarding a medical procedure, but the same physician also noted plaintiff denied depression. Other records

state plaintiff's psychiatric demeanor was normal. *Id.* Plaintiff testified at her hearing that Dr. Price, a primary care physician, not a psychiatrist, had recently been treating plaintiff for anxiety and depression, but plaintiff was not receiving medication. Dr. Price did not include any treatment notes or diagnostic results supporting the depression diagnosis.

The ALJ gave appropriate weight to the evidence. The record contains diagnoses and treatment plans of physicians who saw the plaintiff multiple times over a number of months. The ALJ properly relied on reports from physicians who saw the plaintiff multiple times, provided progress notes, ordered tests and exams, and presented medical reports.

In contrast, Dr. Price's letter is a brief notation, lacking objective medical evidence or information that Dr. Price was a treating physician. Dr. Price's suggestion that plaintiff not stay on her feet for extended periods of time is not corroborated by any other doctor's assessment. Assuming Dr. Price's letter is new evidence, it is not material to the ALJ's decision. A brief, five-line letter suggesting depression and inability to stand without any clinical substantiation is not material evidence warranting remand.

### ii. Evaluation If the Evidence Was Inadequately Reviewed

An ALJ must consider all the evidence and, if he rejects some evidence, justify the rejection. *Burnett v. Comm'r Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). Failure to consider the complete record is *per se* prejudice. *Hippensteel v. Comm'r Soc. Sec. Admin.*, 302 F.Supp. 2d 382 (M.D. Pa. 2001).

The ALJ must provide "not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if *significant probative* evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705 (emphasis added). Significant or probative

evidence is an objective medical report, such as: (1) a doctor's diagnosis based on an MRI; (2) a doctor's diagnosis with which another doctor has concurred; (3) an MRI; (4) a doctor's report about pain sensations, loss of range of motion with no positive prognosis, or a limp with pain; or (5) a doctor's report that a patient could only sit or stand intermittently. *Burnett*, 220 F.3d at 122.

A claim will be remanded if the ALJ fails to explain his or her rejection of medical testimony and reports, *see Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981), but an ALJ's failure to discuss non-objective medical evidence is not cause for remand. *Moody v. Barnhart,* 114 F. App'x 495, 500–501 (3d Cir. 2004). Dr. Price's letter is not objective medical evidence. The letter is a conclusory statement about plaintiff's alleged depression and inability to stand for extended periods of time, not supported by any other evidence. Plaintiff's own testimony is more in line with the other doctors' reports. At the evidentiary hearing, plaintiff did not mention any depression or other mental illness. She did testify about new pain in her hands and claimed she discussed that pain with Dr. Price, but her testimony was unsupported by any objective medical evidence.

Given the dearth of objective medical evidence or corroborating opinions supporting Dr. Price's assessment and the substantial evidence contradicting Dr. Price, the ALJ's failure to address her letter is not grounds for review.

    b. <u>Objection Two: The ALJ Had a Heightened Responsibility to Develop the Record</u>

Social Security claimants may proceed independently or have an attorney or non-attorney representative. At the evidentiary hearing, plaintiff had a non-attorney representative. Plaintiff contends the ALJ had a heightened responsibility because plaintiff had a non-attorney representative.[6] She further contends Dr. Price's letter should have triggered the ALJ's

---

[6] Plaintiff's representative was a paralegal from Community Legal Services; a CLS lawyer now represents plaintiff.

heightened responsibility to undertake further inquiry into plaintiff's physical and mental illnesses.

Our Court of Appeals has not imposed a heightened responsibility to investigate when claimants have a non-attorney representative.[7] Other circuits have declined to establish such a standard. *E.g.*, *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Nichols v. Comm'r of Soc. Sec.*, No. 1:09-cv-1091, 2010 WL 5178069, at *6 (W.D. Mich. Nov. 18, 2010). *But see McNeil v. Astrue*, No. H-07-3664, 2009 WL 890553, at *12 (W.D. Tex. Mar. 31, 2009). Without precedent dictating a higher standard of responsibility, it is inappropriate to impose such responsibility on an ALJ.

Plaintiff also contends the ALJ had an affirmative responsibility to investigate plaintiff's possible mental impairment because of Dr. Price's letter. In *Plummer v. Apfel*, the court held an ALJ had an obligation to investigate if the record contained multiple references to depression, several diagnoses of depression, and prescriptions for anti-depressants. 186 F.3d 422, 432–34 (3d Cir. 1999). Other than Dr. Price's letter, the only references to mental impairment in the record are short-term treatment for temporary anxiety related to a medical procedure and a single medical evaluation on which a doctor circled "depression." The same day the doctor circled "depression" on plaintiff's patient chart, another doctor noted no psychiatric symptoms. R&R at 17; Tr. at 200. Absent any significant medical evidence supporting a possible depression diagnosis, the ALJ did not have an obligation to develop the record further. *Plummer*, 186 F.3d at 434.

---

[7] The Court of Appeals, speaking to this issue indirectly, has stated an ALJ does *not* have responsibility to investigate further, regardless of representation, if there is "sufficient evidence in the medical records for the ALJ to make her decision." *Moody v. Barnhart*, 114 F . App'x 495, 501 (3d Cir. 2004).

9

b. Objection Three: ALJ's Findings as to Plaintiff's Residual Functional Capacity

To determine residual functional capacity ("RFC"), an ALJ must consider limitations credibly established by the evidence, not every limitation alleged. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ adequately evaluated plaintiff's subjective complaints of pain in relation to the treating physicians' reports. He referred to plaintiff's testimony about her daily activities as further support for his findings of plaintiff's RFC. The ALJ properly did not rely only on plaintiff's testimony, but used it in conjunction with medical reports and other evidence. *Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981). None of the physicians' reports asserted plaintiff had limitations preventing her from working. Consultative reports of state agency examiners from 2009 determined plaintiff does have the ability to work. The ALJ weighed evidence from Temple University physicians against the consultative reports. He found plaintiff's limitations were more consistent with her physicians' findings than the less rigorous limitations proposed by state examiners.

Plaintiff objects because the ALJ did not consider the letter from Dr. Price. Dr. Price's suggestion that plaintiff cannot stand for more than two hours is not supported by any objective medical evidence. Dr. Price's "clinical assessment" is not accompanied by any documentation or other medical reports. The substantial evidence of record is contrary to Dr. Price's letter. No previous physicians suggested any limitation on plaintiff's ability to stand or work. Other than Dr. Price's letter, only plaintiff's subjective complaints support more restrictions than the ALJ acknowledged. The ALJ properly disregarded plaintiff's subjective complaints unsupported by objective medical evidence. *See* 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medial evidence consisting of signs, symptoms, and laboratory findings, not only your statement of symptoms.").

Dr. Price's letter, if it were on the record at the time the ALJ issued his decision, would not have provided any compelling medical evidence to support a different plaintiff RFC. The letter is not substantial evidence warranting review or remand.

IV. **Portions of the Magistrate Judge's Report and Recommendation to Which Plaintiff Does Not Object**

The district court may review the portions of the Magistrate Judge's decision to which plaintiff does not object for clear error. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Plaintiff does not object to the Magistrate Judge's finding that the ALJ's decision allows for meaningful review; the court will approve the findings to which plaintiff does not object.

V. **Conclusion**

Substantial evidence supports the ALJ's decision. Plaintiff's motion for summary judgment and request for review will be denied. An appropriate order follows.